[S. F. No. 12456. Department Two.—August 29, 1928.]

GEORGE PEAK, Appellant, v. FELIX H. SPITZER et al., Respondents.

Knight, Boland & Christin for Appellant.

Milton Marks for Respondents.

SHENK, J.—The defendants were the owners as tenants in common of an improved lot in St. Francis Wood, San Francisco. The plaintiff desired to purchase the property, and, under date of October 19, 1926, signed and delivered to the defendant Felix H. Spitzer a written offer, as follows: "$16,000, payable $1,000 down, $1,000 January 1st, 1927, balance payable at $100 or more per month. . . . I will deposit $1,000 with the City Title Ins. Co. and order of search immediately." On the same day the plaintiff presented to the defendant Felix H. Spitzer, for his signature,

a document in the form of a receipt and contract of sale and purchase of said property. The opening paragraph of this document recited: "Received from Geo. Peak, hereinafter described as the purchaser, the sum of one thousand dollars." The terms of purchase were stated or set forth in the letter of October 19, 1926. The document was a stock form of receipt, purchase, and sale, but it was modified in the handwriting of the plaintiff before it was signed by the defendant Felix H. Spitzer, so as to provide that "initial payment to be paid direct to seller upon report of title." This modification tended to confuse the provisions of the contract as to the terms of payment. It is apparent from the whole record, however, that it was the intention of the parties that a down payment should be made by the plaintiff at least as soon as a report of the title should be received from the title company. This report was issued by the title company under date of October 25th and was received by the plaintiff on October 30, 1926, but the initial payment was never made by him. On November 6th following the plaintiff received from the defendant Felix H. Spitzer a letter rescinding the agreement, on the ground that the initial payment had not been made as provided in the contract; that the plaintiff had promised to be at the office of the defendant on November 4th and provide for the initial payment, but had not done so. On the same day the plaintiff notified said defendant by letter that he intended to fulfil the terms of his contract; that the report of title disclosed defects in the title, and inferring that he was required by the contract to make no payment thereunder until he received a "clear title report." The defects referred to appear to have been that the record showed that the defendant's wife had an interest in the property and she had not signed the contract, and that there was a $9,000 mortgage against the premises. The plaintiff contends that under the contract he was to receive a title report showing title in the defendant Felix H. Spitzer, free and clear of all encumbrances, before he was obligated to put up any money. He cites many cases to the effect that when an abstract of title or a certificate of title is called for the same must show clear title in the vendor unless the contract of purchase specifically provides otherwise. It may be assumed that generally such is the law, but that rule is not controlling here.

The original form of the contract here in question provided for a down payment which was never made. It would be unreasonable to say that by the modification of the printed form of contract the parties intended that the seller should clear the title of the $9,000 mortgage before the purchaser should be required to pay any money whatsoever. Under the facts shown by the record it is reasonable to conclude, as the trial court did, that the report of title issued and delivered to the plaintiff satisfied the requirements of the contract and that as time was made the essence the plaintiff had not made out a case.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.